UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN LEWIS | CIVIL ACTION |
| VERSUS | NO: 18-4776 |
| RANDY SMITH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF ST. TAMMANY PARISH | SECTION: "M" (4) |

ORDER

Before the Court is a **Motion to Compel (Rec. Doc. 11)** filed by the Plaintiff, Calvin Lewis, seeking to compel Defendant, Sheriff Randy Smith, to adequately respond to Plaintiff's Request for Production of Documents. The Motion is opposed. Rec. Doc. 13. Oral argument was heard on November 14, 2018.

I.  **Background**

a.  **The Complaint**

This matter was filed by a former Captain of the St. Tammany Parish Deputy who was terminated after he began an intimate relationship with a female who was in the prison work release program. He filed this suit against the Sheriff Randy Smith contending that the fraternization policy[1] which prohibited deputies from engaging in relationships with felons is unconstitutional because it is selectively applied to African Americans. He concedes in the complaint that he lives with his girlfriend and her two children and that doing so violates the office policy. He concedes that he was given a chance to comply with the policy or suffer termination. He opted for

---

[1] Mr. Lewis alleges that he was terminated under the policy governing Fraternization and the policy governing Improper Relationships Between Deputies and Incarcerated Individuals. *Id.*, p. 5-6. In relevant part, Fraternization proscribes romantic relationships with known felons, and Improper Relationships prohibits any personal relationship—with or without a sexual aspect—between a Deputy and a known felon.

1

termination rather than leave his family. Rec. Doc. 1. He now contends that the fraternization policy violated his First and Fifth Amendment rights and are actionable under 42 U.S.C. § 1983, that they are constitutionally overbroad and vague, and selectively enforced.

### b. The Contested Discovery

Lewis propounded Request for Production of Documents on Sheriff Smith which were largely responded with objections. Lewis now seeks to compel the Sheriff to respond and also to pay his attorneys fees and costs. Rec. Doc. 11.

The Sheriff opposes the Motion, contending that (1) many of the disputed Request for Production of documents are now moot because they supplemented their response; (2) other Request for Production of Documents may be responded to once the Court enters Consent Protective Order (also filed on the day of his opposition); (3) the disputed Requests are overbroad and burdensome because Lewis failed to reasonably narrow his Requests; and (4) irrelevant because it seeks detailed personal information, including entire personnel files, of individuals not a party to this action. Rec. Doc. 13.

## II. Standard of Review

Discovery of documents, electronically stored information, and tangible things is governed by Rule 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." Fed. R. Civ. P. 34(a)(1). Rules 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the

important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Federal Rule of Civil Procedure ("Rule") 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

### III. Analysis

#### A. Emails and Text Messages

Request No. 7 seeks the production of emails and text messages sent to Smith or anyone else that relates to his termination. The Sheriff responded that he was not sure if he was in possession of any emails that are responsive to this request.

Request No. 8 and 10 seeks emails and text messages that relate to Lewis' termination. Counsel for Lewis indicated that his intent was to only get the emails from a core group of people who would have been involved in his termination. Counsel agreed to secure information from his client in an effort to narrow the scope of key players who might have access to emails and text messages. As a result, the Request for Production 7,8, and 10 is **DENIED**.

### B. Policies and Procedures

Requests for Production 12 seeks a copy of any policies and procedures utilized by the Sheriff's Office. Although he initially objected, Sheriff Smith notes that his Supplemental Response has since fully responded to this Request for Production. As a result, Request for Production No.12, seeking the production of Policies and Procedures from January 1, 2015 and December 31, 2017 is **MOOT**.

### C. Personnel Files

Request No. 19, 21, 22,23,24-35 seeking the personnel files of the claimant and others. Counsel for the defendant agreed to produce the files subject to a Protective Order. During the hearing, counsel for the defendant objected that producing the documents have no relevancy to the matter.

Chad Hartzog and Jessica Taylor (RFP 19, 20) are in a relationship and she is a felon convicted of narcotics. The Court ordered the production of any waiver form regarding Taylor authorizing him as an employee of the Sheriff's office to either live or be in a relationship with her no later than 14 days from the signing of this order.

Stacey Capps (RFP 21, 22, 23) is an employee with the Sheriff's office whose son is presently incarcerated. Counsel for the defendant responded that they already provided a waiver of fraternizing. The court denied the request for the production of her personnel file because the stated reason for the request was to determine if a waiver form was present in the file.

Counsel for Plaintiff upon questioning is not aware of Darren Castleman (RFP 24, 25) or his connection to the claim but indicated that he is a person that his client believes is either an employee who currently fraternizes who is a convicted felon. Counsel for the plaintiff contends that Castleman was convicted of several vehicle burglaries and working for the sheriff's office.

The Court ordered the production of any waiver regarding Castleman no later than 14 days from the signing of this order.

Frank Mangano (RFP 26, 27) is not an employee of the Sheriff's office. He is an individual that owns a trailer park and has no association to this claim and purportedly the best friend of the Sheriff. The court denied the request as not relevant, not proportional to the needs of the case because the criminal records of Mr. Mangano equally available to the plaintiff as it is to the sheriff.

Counsel for the plaintiff did not know who Frank Baiamonte or Jaime Baiamonte (RFP 28, 29) was or how they are connected to the current claim. Jaime was allegedly convicted of embezzlement and lives with Frank who is an employee of the Sheriff's office. The Court ordered the production the fraternization waiver form.

Rebecca Gibson (RFP 30, 31, 32), is the Sheriff's Secretary whose personnel file he wants to see who if she is in a relationship with a felon. Counsel for the Plaintiff argued during the hearing that Gibson was convicted of DWI, is not a felony if it's a first offense. Counsel for the Defendant was instructed to produce Gibson's file for *in camera review* no later than 14 days from the signing of this order.

Counsel for the Plaintiff agreed to waive his request for the personnel file of Tammy Philley (RFP 33), Debbie Taylor (RFP 34) and Cliff Laigast (RFP 35). Therefore, the request for production Nos. 33,34 and 35 are **MOOT**.

D. **Attorney's fees and Costs**.

The considered the request for attorney's fees and costs which it **DENIED**. In so doing the Court observed that while plaintiff requested certain personnel files, it was not clear that the files were relevant and required additional time and consultation during the hearing.

5

**IT IS ORDERED** that the **Motion to Compel (Rec. doc. 11) is GRANTED in PART and DENIED in Part.**

**IT IS ORDERED THAT** Request for Production of Documents, 7,8, and 10 seeking the production of text messages and email and Request for Production 26, 27 seeking Mangano's, a non-employees, criminal record are over broad and not proportional to the needs of the case **DENIED.**

**IT IS ORDERED THAT** Request for Production of Documents 12 seeking policies and procedures, 33, 34, and 35 requesting personnel file of Tammy Philley (RFP 33), Debbie Taylor (RFP 34) and Cliff Laigast (RFP 35) is **MOOT**.

**IT IS FURTHER ORDERED THAT** Request for Production of Documents 19, 20, 24,25,29, 30,31 and 32 are **GRANTED** to the extent that the defendant is required to produce the fraternization waiver form. If none exists, then an affidavit indicating such no later than 14 days from the signing of this order.

**IT IS FURTHER ORDERED THAT** the request for attorney's fees and costs are **DENIED.**

New Orleans, Louisiana, this 21th day of December 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**