UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN LEWIS | CIVIL ACTION |
| VERSUS | NO. 18-4776 |
| RANDY SMITH, *individually and in his capacity as Sheriff of St. Tammany Parish* | SECTION M (4) |

**ORDER & REASONS**

Before the Court is a motion by Sheriff Randy Smith, individually and in his capacity as Sheriff of St. Tammany Parish ("Sheriff Smith"), for attorney's fees,[1] to which plaintiff Calvin Lewis responds in opposition,[2] and Smith replies in further support of the motion.[3] Having considered the parties' memoranda, the applicable law, and the record, the Court finds that Sheriff Smith is not entitled to attorney's fees under 42 U.S.C. § 1988 because Lewis's constitutional claims were not frivolous.

**I.  BACKGROUND**

This case concerns alleged violations of constitutional rights. Lewis is a former deputy of the St. Tammany Parish Sheriff's Office ("STPSO"), who was terminated in May 2017 for violating the STPSO's anti-fraternization policy by cohabiting with a convicted felon, Jane Doe.[4]

---

[1] R. Doc. 28.
[2] R. Doc. 32.
[3] R. Doc. 39.
[4] R. Doc. 1 at 5-6. The STPSO's anti-fraternization policy prohibits, in pertinent part:

Romantic or intimate personal or other close relationships between an employee and a known felon, Transitional Work Program inmate, or any incarcerated individual.

\*   \*   \*

Fraternization is also the undertaking of a personal relationship or association, with or without a sexual relationship, by a Deputy with a known felon, Work Release person, or any incarcerated individual(s) without the express written permission of the Sheriff, or his designee. This includes any person held in custodial confinement by arrest or imprisonment.

On May 9, 2018, Lewis filed this action against Sheriff Smith, in his official and individual capacities, under 42 U.S.C. § 1983 alleging that the STPSO's anti-fraternization policy violates the First, Fifth, and Fourteenth Amendments to the United States Constitution by infringing upon and burdening the right of individuals to enter into and maintain intimate relationships; being overbroad and vague; and being selectively enforced.[5] Lewis advocated for the application of strict scrutiny to the evaluation of the policy's constitutionality because of "the close and intimate nature of" his relationship with Doe.[6]

Sheriff Smith filed a motion to dismiss,[7] which Lewis opposed.[8] This Court granted Sheriff Smith's motion and dismissed with prejudice all of Lewis's claims.[9] As to the right of association claim, the Court found that Lewis and Doe's relationship "is arguably protected by the right of association" and "may fall on the continuum of protect relationships," but applied rational basis scrutiny because the policy "has no more than an incidental or minimal residual impact on the right to intimate association because it does not prohibit the relationship itself."[10] The policy survived rational basis scrutiny because the Court found that the STPSO has "legitimate interests in preventing its officers from placing themselves in compromising positions and in preserving the STPSO's reputation in the public and in the law enforcement community [which] are reasonably advanced by the anti-fraternization policy and therefore are sufficient to uphold the policy under the rational basis test."[11]

With respect to Lewis's overbreadth challenge, the Court found that Lewis's "allegations are nothing more than formulaic legal conclusions" and "Lewis wholly fail[ed] to explain how the policy is overbroad in his view."[12] Similarly, the Court held that the policy was not vague

---

[5] *Id.* at 4-10.
[6] *Id.* at 7.
[7] R. Doc. 6.
[8] R. Doc. 8.
[9] R. Doc. 26.
[10] *Id.* at 8-10.
[11] *Id.* at 11.
[12] *Id.* at 15.

2

because when the words in the policy "are given their ordinary meaning and read in context of the policy as a whole, the policy is readily understood and hardly incomprehensible."[13]

Further, the Court held that Lewis did not state a procedural due process claim under the Fifth Amendment because such a claim requires a federal actor, which Sheriff Smith is not.[14] Neither did Lewis state a procedural due process claim under the Fourteenth Amendment because he did not allege that he had a legitimate right to continued employment under Louisiana law, considering that public employment in Louisiana is generally considered to be at-will.[15] Moreover, Lewis did not state a claim for equal protection under the Fourteenth Amendment as he failed to allege that any other STPSO employees were similarly situated to him.[16]

On August 6, 2019, this Court entered a judgment in Sheriff Smith's favor dismissing with prejudice Lewis's complaint.[17] On August 20, 2019, Sheriff Smith filed the instant motion for attorney's fees under 42 U.S.C. § 1988 arguing that Lewis's claims were frivolous.[18] Lewis opposes the motion arguing that, although Sheriff Smith prevailed on the motion to dismiss, his claims regarding the constitutionality, overbreadth, and vagueness of the anti-fraternization policy were not frivolous as they were based on good-faith arguments for the extension of the law based on a good-faith interpretation of the policy's wording.[19] Lewis further argues that he should not be held responsible for his attorney's decision to include the legally-baseless Fifth Amendment claim in the complaint.[20]

---

[13] *Id.* at 17 (citation omitted)
[14] *Id.* at 12.
[15] *Id.* at 12-13.
[16] *Id.* at 13-14. Lewis claims that he did not assert separate claims for equal protection or procedural due process under the Fourteenth Amendment. R. Doc. 32 at 16.
[17] R. Doc. 27.
[18] R. Doc. 28. On August 23, 2019, Lewis filed a notice of appeal. R. Doc. 29.
[19] R. Doc. 32 at 11 & 14.
[20] *Id.* at 15.

### III. LAW & ANALYSIS

Pursuant to 42 U.S.C. § 1988, a court may, in its discretion, award reasonable attorney's fees to the prevailing party in a suit brought under 42 U.S.C. § 1983. "A prevailing defendant is entitled to fees 'only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless.'" *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (quoting *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999)). The Fifth Circuit has held that, for the purposes of § 1988, a defendant is the prevailing party "when it receives a dismissal with prejudice." *Alexander v. Trump*, 753 F. App'x 201, 209 (5th Cir. 2018) (citing *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169-70 (5th Cir. 1980)).

"A suit is frivolous if it is 'so lacking in arguable merit as to be groundless or without foundation ....'" *Walker*, 168 F.3d at 240 (quoting *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (5th Cir. 1983)). In determining whether a suit is frivolous, "a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." *Myers*, 211 F.3d at 292 (citing *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991)). Rather than hard-and-fast rules, these factors are guideposts the district court utilizes to determine frivolousness on a case-by-case basis. *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) (quoting *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997)).

The Supreme Court has noted that, in considering whether to award attorney's fees to a prevailing defendant, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. E.E.O.C.* 434 U.S. 412, 421-22 (1978). "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id*. at 422. Thus, granting a defendant's motion to dismiss is not, in and of itself, sufficient to

support a finding of frivolousness, because "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.*

In the case at bar, although Sheriff Smith prevailed on his motion to dismiss, the Court cannot say that Lewis's principal claims were wholly frivolous. The constitutionality of the STPSO's anti-fraternization policy was at the core of Lewis's complaint, and he made good-faith arguments for the application of strict scrutiny to the policy and for finding the policy to be vague. Although the Court ultimately disagreed with Lewis, it cannot be said that these arguments were unreasonable or completely groundless. The Fifth Amendment claim was ancillary and, although legally groundless, Lewis should be penalized for his attorney's decision to include this legally-baseless claim in the complaint when other claims, based on the same factual scenario, were not baseless. *Bailey v. Normand*, 2015 WL 1268325, at *3 (E.D. La. Mar. 19, 2015). Imposing attorney's fees against Lewis would have the undesirable effect of discouraging future plaintiffs from pursuing potentially valid constitutional claims.

## IV. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Sheriff Smith's motion for attorney's fees (R. Doc. 28) is DENIED.

New Orleans, Louisiana, this 18th day of September, 2019.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE